UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**Joshua Laughlin**

**On behalf of Himself and
all others similarly situated**

    **Plaintiffs**

    **v.**                                              **Case No.** 16-CV-1342

**Jim Fischer Inc.**

    **Defendant.**

---

## COMPLAINT
---

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Jim Fischer Inc. ("Jim Fischer"), to seek redress for Jim Fischer's failure to count all of the Plaintiffs' hours worked, failure to compute overtime pay at correct rates, and failure to pay for work performed on prevailing wage projects at the correct rates.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over the Defendant because the Defendant performed a substantial amount of work in this district, and the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

**THE PARTIES**

6. Plaintiffs are adult residents of the State of Wisconsin who were employed by Jim Fischer during the time period on or after October 5th, 2013. A copy of the FLSA and Wisconsin prevailing wage consents signed by Plaintiff Laughlin is attached to this complaint.

7. Defendant Jim Fischer is a Wisconsin Corporation with a principal place of business located at 2635 S. Casaloma Drive in Appleton, Wisconsin. Jim Fischer performs concrete pouring and other construction work throughout Wisconsin, but mostly within the territory covered by the Green Bay Division of the Eastern District of Wisconsin.

8. Jim Fischer is an employer within the meaning of Wis. Stat. §109.03(1). Jim Fischer is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and entering into contracts directly or indirectly with customers located in Minnesota, Wisconsin, and Iowa. At all relevant times, Wieser Brothers has had annual gross volume of business at or above $1,000,000.

# FACTS

9. Jim Fischer required all of its employees to report to its shop located in Appleton, Wisconsin each morning. While at the Appleton shop employees would help load trucks, receive work instructions, and then ride together to jobsites.

10. At the end of the day Jim Fischer required all jobsite employees to drive from their last jobsite for the day back to the Appleton shop. Once at the shop employees would fill out their time cards. Jim Fischer required all jobsite employees to write down on their time cards the job number and job name for each job that they worked throughout the day, the number of hours that they worked in each trade for each job, each piece of equipment that they operated throughout the day, as well as the amount of time spent operating each piece of equipment.

11. The employees would spend at least 5-10 minutes per day filling out their time cards, which was primarily for Jim Fischer's benefit given that accurate time cards permitted Jim Fischer to accurately keep track of its labor and equipment costs for jobs, to accurately keep track of the hours worked, work experience, and skills development of each of its employees, and correctly bill its customers for its services.

12. In addition to filling out their time cards, Jim Fischer jobsite employees also sometimes helped unload trucks, and perform other work in the shop, after they returned to the Appleton shop from their last jobsite for the day.

13. Jim Fischer neither paid, nor counted as hours worked, time spent by the Plaintiffs driving from the Appleton shop to their first jobsite for the day, or driving from their last jobsite for the day back to the Appleton shop.

14. Jim Fischer also never paid the Plaintiffs for their time spent receiving work instructions, loading trucks, unloading trucks, and filling out their time cards at the Appleton shop.

15. On the other hand, when the Plaintiffs travelled between two jobsites during the course of their workday, and worked at the second jobsite on the day of travel, the Plaintiffs received compensation at their regular shop rate. For each hour that they work for Jim Fischer the employees would either receive a rate of $0, or would receive at least their regular shop rate.

16. While Jim Fischer in theory maintained a policy that would deduct 30 minute lunch breaks unless employees wrote "no lunch" on their time cards, upon information and belief Jim Fischer would automatically deduct the half hour lunch from the employees' hours worked, even if they did write "no lunch" on their time cards.

17. Jim Fischer frequently performed work on projects where the minimum rate of compensation for the Plaintiffs was set by the Davis-Bacon Act, State Prevailing Wage Laws, or equivalent laws. According to the employee handbook, which by its own terms is not a contract, and can be revised, supplemented or rescinded at anytime, for prevailing wage projects Jim Fischer would make an hourly contribution to its employees 401(k) account that equaled the total fringe benefit rate shown on the prevailing wage determination.

18. Because the amount of 401(k) contributions received by the Plaintiffs is solely a function of the number of prevailing wage hours that they worked, as well as the applicable fringe benefit rate for each job for the classification(s) that they worked in, the Plaintiffs may receive $0 or thousands of dollars of 401(k) contributions during each contribution period.

4

19. Jim Fischer did not include the 401(k) contributions that it contributed to the Plaintiffs for their hours worked by prevailing wage projects, when computing their regular rate to be used in computing their overtime pay.

20. Jim Fischer would not make any 401(k) contributions to the Plaintiffs for each of their hours worked on non-prevailing wage projects, or while travelling between projects. Jim Fischer therefore claimed a 401(k) contribution credit that is often higher, than if it had divided its 401(k) contribution during each contribution period by the total number of hours worked by its employees during said contribution period.

21. Jim Fischer made contributions to its employees' 401(k) accounts only during higher paid prevailing wage hours for the purpose of reducing its liability for employment taxes and overtime pay, rather than to contribute to its employees' retirement.

22. When the Plaintiffs performed overtime work on a non-prevailing wage project, during a week when they received pay at both their shop rate and at a higher prevailing wage rate, Jim Fischer would pay to the Plaintiff a rate equal to 1.5 times their shop rate, rather than 1.5 times the higher average straight time wage rate earned by the employee during the workweek.

23. During the course of his employment with Jim Fischer, Named Plaintiff Laughlin, who was not an indentured apprentice, frequently engaged in the work of smoothing and finishing surfaces of poured concrete.

24. Jim Fischer classified Laughlin as a laborer, rather than a cement finisher, for his hours spent smoothing and finishing surfaces of poured concrete.

5

25. When Laughlin complained to Jim Fischer that he should have been classified as, and paid at the higher rate for a cement finisher, Jim Fischer informed Langhlin that his work as a cement finisher was not sufficiently fast to qualify for cement finisher pay.

26. Jim Fischer has never obtained authorization from the Wisconsin Department of Workforce Development to pay Laughlin as a subjourneyperson for his cement finisher work on prevailing wage projects.

27. Upon information and belief, Laughlin did not receive the correct prevailing wage rate as a laborer, even assuming Jim Fischer can claim a credit equal to the full amount of 401(k) contributions that it made to Laughlin's account for each hour that he worked on a prevailing wage project.

**COLLECTIVE ACTION ALLEGATIONS**

28. Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who was not paid the correct amount of overtime pay because of Jim Fischer's uniform policies of (1) failing to count as hours worked their work in the shop; (2) failing to count as hours worked travel time that is all in a day's work, given that the travel would occur right after their trip to the first jobsite at the beginning of the day, and their trip from the last jobsite back to the Appleton shop at the end of the day; (3) continuing to deduct lunch breaks when they wrote "no lunch" on their time cards; and (4) Excluding 401(k) contributions for their hours worked on prevailing wage projects when computing their overtime pay.

29. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

6

§216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

30. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Jim Fischer; and were deprived of overtime pay as a result of Jim Fischer's uniform application of its policies concerning determining its employees' hours worked and computing their overtime pay. Brothers who received Non-Elective Contributions and/or pit pay from Wieser Brothers; and then were subject to Wieser Brothers' uniform policy of not counting the contributions/pit pay when calculating their regular rate for calculating overtime pay.

## CLASS ALLEGATIONS

31. Named Plaintiffs seek to represent a class of all employees of Jim Fischer who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All employees of the Defendant who, on or after October 6, 2014, and for all of their work subject to Chapter 109 of the Wisconsin statutes either (a) was not paid for all hours worked as a result of Jim Fischer deductions of their travel time, shop work time, and meal break time; (b) had 401(k) contributions deducted from the computation of their regular rate for overtime pay; or (c) was paid for non-prevailing wage overtime hours worked at a rate lower than 1.5 times the average straight time wage rate earned during the workweek.

32. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, Jim Fischer employs forty or more potential members of the class at any one time. Class members who are former employees of Jim Fischer are widely scattered, thus making joinder even more impractical.

7

33. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether the Davis Bacon Profit Sharing Contributions made by Jim Fischer to the Plaintiffs' accounts constitute contributions to a bona fide fund, plan, or program; so that said contributions can be excluded from computing the employees' rate for overtime pay;

(b). Whether under Wisconsin law overtime pay must be calculated using the Plaintiffs' regular rate, defined as the average wage rate earned by the Plaintiffs during the workweek;

(c). Whether time spent by the Plaintiffs spent working at the shop must both be paid, and be counted as hours worked;

(d). Whether time spent by the Plaintiffs travelling to their first jobsite for the day after working in the shop; and travelling from their last jobsite for the day back to the shop before working in the shop, must both be paid, and must be counted as hours worked;

(e) Whether time spent by the Plaintiffs in lunch breaks that they worked through, which they reported to Jim Fischer as lunches that they worked through, must both be paid, and must be counted as hours worked.

(f). The Appropriate remedy for the Plaintiffs hours worked that Jim Fischer failed to pay, and/or failed to count as hours worked.

34. Named Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Named Plaintiff, like other Wisconsin Unpaid Wage Class members, were deprived of straight and overtime pay as a result of Jim Fischer's application of its uniform policies that undercounted their hours worked, and used a regular rate to compute their overtime pay lower than the rate required by law.

35. Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

37. Class certification of the First Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

38. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 37 of the Complaint.

39. Jim Fischer was required by the FLSA to count as hours worked time spent by the Plaintiffs loading and unloading trucks, filling out time cards, and receiving work instructions while at the Appleton shop given that the work was indispensable to Jim Fischer's operation, and was pursued primarily for Jim Fischer's benefit.

40. Because the Plaintiffs' work in the Jim Fischer shop constitute principal activities, they must be paid for all travel time that occurred between the time when they first and last performed principal activities during the workday, including their drive from the Appleton shop

9

to the first jobsite for the day, as well as their drive from the last jobsite for the day back to the Appleton shop.

41. The Plaintiffs additionally are entitled to have counted, as hours worked, time that they spent working through their lunch breaks, which they then reported to Jim Fischer by writing "no lunch" or equivalent language on their time cards.

42. The Plaintiffs would have additional overtime hours worked, had Jim Fischer counted as hours worked time spent by the Plaintiffs performing the work activities described in paragraphs 39-41 of the Complaint.

43. 401(k) contributions that Jim Fischer contributed on behalf of the Plaintiffs cannot be excluded from the regular rate computation, given that the contributions were made for the purpose of reducing Jim Fischer's liability for employment taxes and overtime pay, rather than for providing old-age, retirement, or related benefits to the Plaintiffs.

44. Additionally, Jim Fischer's 401(k) contributions are not bona fide, and cannot be excluded from the regular rate computation, given that the amount of contributions is determined pursuant to a formula that both does not have a minimum required contribution amount per contribution period, and permits too great a variation between the minimum and maximum amount to be contributed during each contribution period.

45. Jim Fischer therefore violated the FLSA when it excluded from the computation of the Plaintiffs' regular rate 401(k) contributions that it made to the Plaintiffs accounts for their hours worked on prevailing wage projects.

46. Since Jim Fischer did not have any, let alone reasonable grounds for believing that that it was in compliance with the FLSA, the plaintiffs are entitled to 100% liquidated

10

Case 1:16-cv-01342-WCG   Filed 10/06/16   Page 10 of 14   Document 1

damages for all overtime pay that Jim Fischer owed to them. The Plaintiffs are also entitled to application of the three year statute of limitations for Jim Fischer's willful violations of the FLSA.

47. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Wieser Brothers.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

48. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 47 of the Complaint.

49. Pursuant to DWD §274.03, which is enforceable through the wage payment provisions of Wis. Stat. §109.03(1) and (5), overtime pay must be paid at 1.5 times the regular rate earned by the employee during the workweek.

50. Unlike the FLSA, no provision of Wisconsin overtime laws authorizes the employer and employee to pay overtime using the actual rate for the work performed during overtime hours, rather than the regular wage rate earned by the employee during the workweek. Wisconsin law therefore requires paying overtime pay as 1.5 times the regular, or average wage rate earned by the employee during the workweek.

51. Jim Fischer therefore violated Wisconsin law by computing the employees' non-prevailing wage overtime pay as 1.5 times their shop rate, rather than 1.5 times the higher average straight time wage rate that they earned during the workweek.

52. Pursuant to DWD §290.01(10), contributions for an economic benefit must be paid pursuant to a bona fide fund, plan, or program. The determination of the meaning of "fund,

11

plan, or program" is guided by the United States Department of Labor's experience in administering ERISA and other related programs.

53. Jim Fischer's contributions to the 401(k) account are not bona fide given that the primary purpose of the plan is to enable Jim Fischer to avoid paying employment taxes and overtime compensation, rather than to provide systematically for the payment of benefits to employees; and given that the amount of 401(k) contributions is not determined pursuant to a formula that meets legal requirements.

54. Wisconsin law therefore requires Jim Fischer to include the 401(k) contributions when computing the Plaintiffs' regular rate for overtime pay.

55. Because the shop work time, travel time, and working lunch time described in paragraphs 39-41 of the Complaint must also count as hours worked under Wisconsin law, the Plaintiffs are entitled to additional straight time pay for the hours worked, as well as all overtime pay that would result by counting the hours worked.

56. Pursuant to Wis. Stat. §109.03(5), the Named Plaintiffs are entitled to maintain a lawsuit against Jim Fischerfor all overtime wages that they are entitled to, but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b), along with their reasonable attorneys fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

**Count III.** **Wisconsin Prevailing Wage Claim.**

**57**. Plaintiffs reallege, and incorporate by reference, the allegations contained in paragraphs 1- 56 of the Complaint.

12

58. Jim Fischer violated Wisconsin prevailing wage rates by classifying and compensating Laughlin as a laborer for his hours worked as a cement finisher.

59. Jim Fischer additionally under paid prevailing wages to Laughlin by claiming a credit for its 401(k) contributions that is greater, than the amount computed by dividing all of its 401(k) contributions during a contribution period by the total number of hours worked by Laughlin during said contribution period.

60. Because Laughlin would have had additional hours worked on prevailing wage projects over 10 per day, or 40 per week, had Jim Fischer counted his work activities described in paragraphs 39-41 as hours worked, Laughlin is entitled to be paid for additional hours worked on prevailing wage projects at the overtime rate rather than the straight time rate.

61. Upon information and belief, Jim Fischer failed to pay to Laughlin the correct prevailing wage total package rate for a laborer, even assuming arguendo it can claim a credit equal to the full amount of 401(k) contributions for each prevailing wage hour worked.

62. Jim Fischer therefore required to pay to the Plaintiffs twice the amount of prevailing wages owed to them, plus their attorneys fees and costs of bringing the claim.

63. Pursuant to Wisconsin prevailing wage laws, all plaintiffs who file the appropriate consent with the Court may join in this claim for unpaid prevailing wages.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Jim Fischer is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

13

2. Finds that Jim Fischer is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Finds that Jim Fischer is liable to the Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 6th day of October, 2016.

/s/Yingtao Ho_____
Yingtao Ho
yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
Telephone: 414-271-4500
Fax: 414/271-6308